UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERMAN LEE BARTON, JR.,<br><br>                     Plaintiff,<br>     v.<br><br>6 JOHN DOES, et al.,<br><br>                     Defendants. | CASE NO. C17-0608JLR<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.  INTRODUCTION

Before the court is *pro se* Plaintiff Herman Lee Barton, Jr.'s complaint against Defendants "6 John Does," "6 Jane Does," and "Government Work Source" (collectively, "Defendants") (Compl. (Dkt. # 1) at 1). Mr. Barton is proceeding *in forma pauperis* ("IFP"). (IFP Order (Dkt. # 8).) In granting Mr. Barton IFP status, Magistrate Judge Mary Alice Theiler recommended review of Mr. Barton's amended complaint under 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 1.) The court has conducted the recommended review

//

and DISMISSES Mr. Barton's complaint and GRANTS Mr. Barton leave to amend his complaint as set forth below.

## II. BACKGROUND

On April 25, 2017, Mr. Barton filed this lawsuit (Compl.), and on May 2, 2017, he filed a motion for leave to proceed IFP (IFP Mots. (Dkt. ## 5, 7)). On May 8, 2017, Magistrate Judge Theiler granted Mr. Barton's IFP motion. (IFP Order.) In her order, Magistrate Judge Theiler recommends review of Mr. Barton's complaint under 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 1.)

Although the limited allegations in Mr. Barton's complaint are difficult to follow, Mr. Barton's complaint appears to stem from his exclusion from "Government Work Source." (Compl. at 3.) Mr. Barton alleges that the women who work at Government Work Source invited him to use the service, but after a few days, some unspecified men told him that he was committing "a criminal trespass." (*Id.*) He further states that he has "been invited to use Government Work Source more than 27 times [by] the women and at one time the women told the police that [he did] not trespass[] and could use Government Work Source." (*Id.*) Mr. Barton requests a jury trial, an award of damages in the amount of $75,000.00, and the use of Government Work Source. (*Id.* at 4.) The court now evaluates Mr. Barton's complaint under Section 1915.

## III. ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a claim filed IFP if the court determines "at any time" that (1) the action is frivolous or malicious, (2) the action fails to state a claim, or (3) the action seeks relief from a defendant who is

immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).  The court concludes that Mr. Barton's complaint is frivolous and fails to state a claim.

Even though the court must liberally construe *pro se* pleadings, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), the plaintiff must nevertheless plead the court's subject matter jurisdiction, *see Simmons v. Revenue Officers*, 865 F. Supp. 678, 679 (D. Idaho 1994), and allege facts sufficient "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

First, Mr. Barton fails to state the basis for subject matter jurisdiction or to allege facts from which the court can reasonably infer a basis for exercising subject matter jurisdiction.  Federal Rule of Civil Procedure 8(a) requires Mr. Barton to include "a short and plain statement of the grounds for the court's jurisdiction" in his complaint.  Fed. R. Civ. P. 8(a).  However, Mr. Barton provides no information regarding the domicile of Defendants.  *See* 28 U.S.C. § 1332(a); *Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05-4214-PHX-SMM, 2006 WL 2091665, at *6 (D. Ariz. July 24, 2006) (citing *Fifty Assocs. v. Prudential Life Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)) ("The Ninth Circuit has rejected naming 'Doe' defendants in diversity actions, on the

---

[1] Although 28 U.S.C. § 1915 expressly addresses the filings of prisoner litigants, the court must also screen the filings of non-prisoner civil litigants seeking to proceed IFP.  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

grounds that complete diversity cannot exist if the identity and citizenship of some defendants (i.e., the 'Does') are unknown.")); (Compl. at 4 (seeking relief of $75,000.00 in damages and "use of Government Work Source").) In addition, Mr. Barton does not appear to assert any federal claims that support federal question jurisdiction. *See* 28 U.S.C. § 1331; (Compl. at 3 (failing to allege facts from which a federal claim can be inferred from the face of the complaint).) Accordingly, Mr. Barton fails to allege facts to establish the court's subject matter jurisdiction.

Second, Mr. Barton's complaint contains only conclusory allegations and lacks facts that plausibly support liability. The court cannot determine what claims Mr. Barton attempts to assert and cannot identify facts in Mr. Barton's complaint from which the court can reasonably infer that Defendants are liable to Mr. Barton. (*See* Compl. at 1-4.) Even though Mr. Barton is proceeding *pro se* and the court construes his pleadings liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), his complaint is nevertheless evaluated under the *Iqbal/Twombly* pleading standards, *see id.* at 342; *see also Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. The complaint falls far short of the applicable pleading standard.

For these reasons, the court dismisses Mr. Barton's complaint. However, when a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the court grants Mr. Barton leave to amend his complaint. Mr. Barton must file an amended complaint, if any, that corrects the deficiencies the court identifies herein no later than

May 30, 2017.[2]  If Mr. Barton chooses to amend his complaint, his amended complaint must include a short and plain statement that describes (1) the factual circumstances of the alleged harm, e.g., where and when it occurred; (2) the actions of Defendants that give rise to Mr. Barton's claims; (3) the basis for the court's jurisdiction; and (4) the relief Mr. Barton seeks.  *See* Fed. R. Civ. P. 8(a)(1)-(3).  If Mr. Barton fails to timely comply with this order or fails to file an amended complaint that remedies the deficiencies identified herein, the court will dismiss his complaint without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Barton's complaint (Dkt. # 1) and GRANTS Mr. Barton leave to amend his complaint no later than May 30, 2017.

Dated this 9th day of May, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court cautions Mr. Barton that an amended complaint will supersede his original complaint and leave his original complaint without legal effect.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).