UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERMAN L. BARTON, JR., <br><br> Plaintiff, <br> v. <br><br> JOHN DOES 1-6, et al., <br><br> Defendants. | CASE NO. C17-0608JLR <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.  INTRODUCTION

Before the court is Plaintiff Herman L. Barton, Jr.'s amended complaint against Defendants John Does 1-6, Jane Does 1-6, and "Government Work Source" (collectively, "Defendants"). (FAC (Dkt. # 10).) Mr. Barton is proceeding *in forma pauperis* ("IFP") and *pro se*. (*See* IFP Order (Dkt. # 8).) The court concludes that Mr. Barton fails to adequately allege the court's subject matter jurisdiction. Accordingly, the court dismisses Mr. Barton's complaint with leave to amend.

//

## II. BACKGROUND

On April 25, 2017, Mr. Barton filed this lawsuit (*see* Compl. (Dkt. # 1)), and on May 2, 2017, he filed a motion for leave to proceed IFP (IFP Mots. (Dkt. ## 5, 7)). On May 8, 2017, Magistrate Judge Theiler granted Mr. Barton's IFP motion and recommended review of Mr. Barton's complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.)

In his first complaint, Mr. Barton alleged that the women who work at Government Work Source invited him to use the service, but after a few days, some unspecified men told him that he was committing "a criminal trespass." (Compl. at 3.) He further stated that he has "been invited to use Government Work Source more than 27 times [by] the women and at one time the women told the police that [he did] not trespass[] and could use Government Work Source." (*Id.*) Mr. Barton requested a jury trial, an award of damages in the amount of $75,000.00, and the use of Government Work Source. (*Id.* at 4.)

After reviewing Mr. Barton's complaint, the court concluded that Mr. Barton's complaint was frivolous and failed to state a claim. (5/9/17 Order (Dkt. # 9) at 3.) Specifically, the court determined that Mr. Barton failed to allege facts from which the court could reasonably infer a basis for exercising subject matter jurisdiction (*id.*), and because Mr. Barton's complaint contained only conclusory allegations, the court could not determine what claims Mr. Barton attempted to assert or identify facts in Mr. Barton's complaint from which the court could reasonably infer Defendants' liability (*id.* at 4).

1 | The court granted Mr. Barton leave to amend his complaint and instructed Mr. Barton that any amended complaint he filed must include a short and plain statement that describes (1) the factual circumstances of the alleged harm, e.g., where and when it occurred; (2) Defendants' actions that give rise to Mr. Barton's claims; (3) the basis for the court's jurisdiction; and (4) the relief Mr. Barton seeks. (*Id.* at 4-5 (citing Fed. R. Civ. P. 8(a)(1)-(3).) Mr. Barton timely filed an amended complaint, which is now before the court. (*See* FAC.)

### III. ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a claim filed IFP if the court determines "at any time" that the action (1) is frivolous or malicious, (2) fails to state a claim, or (3) seeks relief from a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B); *see also Deere v. Brown*, No. 11cv1579 WQH (JMA), 2012 WL 4740328, at *1 (S.D. Cal. Oct. 3, 2012) (noting the mandatory nature of a district court's screening function under Section 1915). Moreover, "the court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The court again concludes that Mr. Barton's amended complaint fails to adequately allege the court's subject matter jurisdiction.

//

---

[1] Although 28 U.S.C. § 1915 expressly addresses the filings of prisoner litigants, the court must also screen the filings of non-prisoner civil litigants seeking to proceed IFP. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

Even though the court must liberally construe *pro se* pleadings, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), the plaintiff must nevertheless plead facts supporting the court's subject matter jurisdiction, *see Simmons v. Revenue Officers*, 865 F. Supp. 678, 679 (D. Idaho 1994), and allege facts sufficient "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Mr. Barton once again fails to state a basis for the court's subject matter jurisdiction or to allege facts from which the court can reasonably infer a basis for exercising subject matter jurisdiction. (*See generally* FAC (failing to address the court's jurisdiction).) As the court previously indicated (*see* 5/9/17 Order), Federal Rule of Civil Procedure 8(a) requires Mr. Barton to include "a short and plain statement of the grounds for the court's jurisdiction" in his complaint, Fed. R. Civ. P. 8(a). However, Mr. Barton provides no information regarding the domicile of Defendants. *See* 28 U.S.C. § 1332(a); *Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05-4214-PHX-SMM, 2006 WL 2091665, at *6 (D. Ariz. July 24, 2006) (citing *Fifty Assocs. v. Prudential Life Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970)) ("The Ninth Circuit has rejected naming 'Doe' defendants in diversity actions, on the grounds that complete diversity cannot exist if the identity and citizenship of some defendants (i.e., the 'Does') are unknown.")); (FAC at 3 (seeking relief of $75,000.00 in damages and "use of Work Source").) In addition, Mr.

Barton does not appear to assert any federal claims that support federal question jurisdiction. *See* 28 U.S.C. § 1331; (FAC at 1-3 (failing to allege facts from which a federal claim can be inferred from the face of the complaint).) Accordingly, Mr. Barton once again fails to allege facts to establish the court's subject matter jurisdiction.

The court must grant a *pro se* plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the court grants Mr. Barton leave to amend his complaint to adequately state a basis for the court's subject matter jurisdiction. Mr. Barton must file his second amended complaint, if any, no later than Monday, July 10, 2017. In any amended complaint, Mr. Barton must state a basis for the court's subject matter jurisdiction or allege facts from which the court can reasonably infer a basis for exercising subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); 28 U.S.C. § 1332(a); 28 U.S.C. § 1331; *Medina*, 2006 WL 2091665, at *6.

The court cautions Mr. Barton that a plaintiff does not enjoy unlimited opportunities to amend his complaint, particularly when he fails to remedy pleading deficiencies that the court has identified. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (holding that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint"); *Webb v. Kaiser (Fremont)*, No. 13-cv-04654 NC, 2014 WL 1616412, at *3 (N.D. Cal. Apr. 21, 2014) (dismissing

without further leave to amend where the plaintiff failed to remedy the deficiencies the court previously identified with regard to subject matter jurisdiction); *Razavi v. San Jose Police*, No. 5:17-cv-02088-EJD, 2017 WL 2117418, at *3 (N.D. Cal. May 16, 2017) (same). Therefore, if Mr. Barton fails to remedy the deficiencies identified in this order or to timely amend his complaint, the court will dismiss his complaint without further leave to amend.

## IV. CONCLUSION

The court DISMISSES Mr. Barton's first amended complaint (Dkt. # 10) with leave to amend. Mr. Barton's second amended complaint, if any, must be filed no later than Monday, July 10, 2017.

Dated this 26th day of June, 2017.

JAMES L. ROBART
United States District Judge